**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE EDWAN SHANDO THURMOND | Case No.: 2:25-cv-01086-APG-EJY |

**Order (1) Granting in Part Thurmond's Motion to Correct the Record, (2) Denying Thurmond's Objection, (3) Denying Thurmond's Motion to Strike, and (4) Denying Thurmond's Motion to Withdraw the Reference**

[ECF Nos. 16, 17, 18, 22, 23, 34]

Debtor Edwan Shando Thurmond filed a notice of removal, which the docket identifies as a complaint, and three motions to withdraw the reference for the bankruptcy court case *In re Edwan Shando Thurmond*, 25-10663-abl and any related adversary proceedings "already lodged in the United States Bankruptcy Court for the District of Nevada." ECF No. 17 at 1; *see also* ECF Nos. 1; 16; 18. Magistrate Judge Youchah directed the clerk of court to add the bankruptcy trustee as an interested party and gave the trustee a deadline to respond. ECF No. 19. Thurmond objected to that order. ECF No. 23. Thurmond also moved to correct the record to reflect that (1) he filed a notice of removal, not a complaint; (2) he did not consent to the magistrate judge exercising jurisdiction over the case; and (3) ECF No. 17 is the operative motion to withdraw the reference. ECF No. 22 at 1-2. The bankruptcy trustee responded to Thurmond's various motions. ECF Nos. 28; 29; 31. Thurmond moved to strike the trustee's filings. ECF No. 34. Thurmond also filed numerous unauthorized supplements. ECF Nos. 37-41, 50.

I grant in part Thurmond's motion to correct the record. I deny his objection, motion to strike, and motion to withdraw the reference.

/ / / /

## I.  I grant in part Thurmond's motion to correct the record (ECF No. 22).

Thurmond moves to correct the record for various docket entries that he believes are incorrectly notated.  First, he asserts that his notice of removal was mislabeled as a complaint. However, Thurmond later acknowledged that a notice of removal is not the proper procedural mechanism to bring to this court his motion to withdraw the reference. ECF No. 43 at 2.  I deny this aspect of his motion as moot because it is understood that regardless of how the docket describes ECF No. 1, the relevant documents bringing this matter to this court are the motions to withdraw the reference at ECF Nos. 16, 17, and 18.

Second, Thurmond asserts that he timely declined magistrate judge jurisdiction, but the docket shows only a notice of non-consent to magistrate judge jurisdiction and not his declination.  His declination has been given effect because I have been assigned to the case. ECF No. 7.  So, I deny this portion of his motion because there is nothing to correct.

Third, Thurmond seeks to clarify that although three motions to withdraw the reference were docketed, the operative one is ECF No. 17.  I grant this portion of his motion.  Accordingly, I treat ECF No. 17 as the operative motion to withdraw the reference and deny ECF Nos. 16 and 18 as moot.

Fourth, Thurmond seeks to clarify part of Judge Youchah's minute order that referred to Thurmond's bankruptcy proceeding as "active." ECF No. 19.  Thurmond has since conceded that his bankruptcy case was and is active. ECF No. 43 at 1.  I therefore deny this portion of his motion.

Fifth, Thurmond states that when filing certain documents with the clerk's office he "expressly requested that certain supporting notices and declarations . . . be lodged but not publicly filed, consistent with traditional equity practice and the private nature of those

instruments." ECF No. 22 at 2. I refer Thurmond to Local Rules IA 10-5 and IC 6-1 if he seeks to file documents that are not publicly accessible. I deny this portion of his motion because there is nothing to correct, as he did not follow the required procedures to seek and obtain leave to file documents that are not publicly accessible.

Finally, Thurmond indicates that he intends to move for leave to file an "Amended Verified Bill in Equity." ECF No. 22 at 3. I express no opinion on that matter because no such motion has been filed.[1]

**II. I deny Thurmond's objection to Magistrate Judge Youchah's minute order (ECF No. 23) because she had authority to enter the order directing that the trustee be added as an interested party.**

Thurmond objects to Judge Youchah's minute order that directed the bankruptcy trustee be added to the docket as an interested party and gave the trustee a deadline to respond to the version of the motion to withdraw the reference at ECF No. 16. Thurmond asserts the order should have directed the trustee to respond to ECF No. 17 because it superseded ECF No. 16.[2] He contends that because ECF No. 17 superseded ECF No. 16, the magistrate judge entered her minute order "without jurisdiction," and he requested that I "recognize" that ECF No. 17 "is the sole operative filing and that the Minute Order issued on the original motion is moot, procedurally improper, and without legal effect." ECF No. 23 at 3. He also requests that I

---

[1] Thurmond filed two unauthorized supplements to his motion to correct. ECF Nos. 38; 41. I direct Thurmond's attention to Local Rule 7-2(g), which states that a "party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." I have nevertheless reviewed the supplements, and they do not alter my decision. Thurmond is advised in the future not to file supplements without seeking leave of the court and showing good cause for the supplement.

[2] Thurmond also again asserts that the minute order incorrectly describes his bankruptcy case as active, but as set forth above, he later conceded that his bankruptcy case was and is still active. I therefore overrule this portion of his objection.

3

"recognize that all further proceedings on the Motion to Withdraw the Reference fall solely within the authority of the presiding District Judge." *Id.* at 1.

I deny Thurmond's objections. As to the minute order's reference to ECF No. 16, the minute order also directed the trustee's attention to ECF Nos. 17 and 18. ECF No. 19. The trustee responded to ECF No. 17. *See* ECF No. 31 at 1. Thurmond has identified no prejudice to the minute order referring to ECF No. 16. Nor would Judge Youchah's reference to ECF No. 16 deprive her or this court of jurisdiction.

Additionally, I overrule Thurmond's objection to the magistrate judge being the one who issued the minute order or to her issuing orders going forward in this case. Thurmond misunderstands what his declining magistrate judge jurisdiction means. Declining magistrate judge jurisdiction does not mean that the magistrate judge no longer has power to act in the case. Magistrate judges may, with some exceptions, "hear and determine any pretrial matter pending before the court," "conduct hearings, including evidentiary hearings," and submit "proposed findings of fact and recommendations" to the assigned district judge on dispositive matters. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72 (distinguishing between non-dispositive and dispositive pretrial matters); *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259-60 (9th Cir. 2013) (district judges "may designate a magistrate judge to hear any nondispositive pretrial matter pending before the court" (simplified)). Magistrate judges may also be assigned additional duties, which may vary from district to district, and may also vary between district judges. *See* 28 U.S.C. § 636(b)(3), (4).

In the District of Nevada, magistrate judges are utilized to the full extent of their statutory authority, and exercise general supervision of civil and criminal calendars, conduct pretrial conferences, proceedings and settlement conferences in civil and criminal cases, and conduct

4

early neutral evaluations in employment discrimination actions. *See* LR IB 1-1 through 1-4, 1-7; LR 16-6.  Thurmond is thus incorrect in his assertion that Magistrate Judge Youchah cannot issue valid orders in this case.  Indeed, both this court's General Order and the notice of declination specifically advised Thurmond of this. *See* ECF Nos. 2 at 4 ("If any party declines consent, the case will be returned to the random civil case assignment system for selection of a District Judge.  The previously assigned Magistrate Judge will remain assigned to the case and will handle all pretrial and non-dispositive matters."); 3 at 1 (advising that if consent is declined, the "Magistrate Judge will still be involved in your case and make certain decisions before trial, like handling discovery disputes and other pretrial and non−dispositive issues").

This District has an automatic referral system that determines which motions and proceedings are heard and decided by a magistrate judge and which motions and proceedings are heard and decided by a district judge.  I will hear and decide dispositive motions.  Judge Youchah will automatically be referred most motions addressing case management, pretrial nondispositive motions, and discovery-related motions.  Thus, Thurmond's various challenges to Judge Youchah' minute order in his objection and other filings are overruled.

Finally, Thurmond objects to Judge Youchah designating the bankruptcy trustee as an interested party.  I overrule this objection because the trustee of Thurmond's bankruptcy estate is an interested party where Thurmond seeks to withdraw the reference for that bankruptcy proceeding.[3]

/ / / /

/ / / /

---

[3] Thurmond filed an unauthorized supplement to his objection. ECF No. 39; LR 7-2(g).  I have reviewed the supplement, and it does not alter my decision.

**III.  I deny Thurmond's motion to strike the Trustee's filings (ECF No. 34).**

The trustee responded to Thurmond's objections to Judge Youchah's order, his motion to correct the record, and his motion to withdraw the reference. ECF Nos. 28; 29; 31.  Thurmond moves to strike those filings, asserting that the trustee has no standing because he responded to ECF No. 17 when Judge Youchah ordered him to respond to ECF No. 16.  Thurmond also reiterates his argument that Judge Youchah lacked jurisdiction to issue the minute order, so "every pleading filed relying upon it . . . are void ab initio as a matter of law and equity and [are] without effect." ECF No. 34 at 3 (emphasis omitted).  I have already explained why Thurmond is incorrect, so I deny his motion to strike on this basis.

Thurmond also contends that the trustee was appointed in the bankruptcy court, and his appointment is limited to that court, so he may not appear in this court.  The trustee responds that he was duly appointed by the Office of the United States Trustee to administer Thurmond's bankruptcy estate, and, once appointed, he was vested with the power to assert the bankruptcy estate's legal claims.  He thus contends that he may respond to Thurmond's motions in this case. In reply, Thurmond asserts that the trustee may not "litigate estate-property and ownership issues in this Article III proceeding when . . . those same issues are already pending before the Bankruptcy Court," the "Bankruptcy Court has primary jurisdiction to determine whether property is 'property of the estate,'" and the "Bankruptcy Court has already ordered the Trustee to initiate an adversary proceeding as the exclusive vehicle to litigate those issues." ECF No. 49 at 1 (emphasis omitted).  He also asserts that "further litigation in this Article III forum is premature and risks inconsistent rulings." *Id.* at 2.  Thurmond states he is "not asking the Court to strike Trustee Fox for lack of standing in the traditional Rule 17 or Rule 24 sense.  Rather, [Thurmond] seeks relief to . . . prevent duplicative litigation[,] preserve the authority of the

Bankruptcy Court's adversary directive, and . . . ensure procedural clarity across forums." *Id.* at 3.

Thurmond states in an (unauthorized) supplement that he is not challenging the trustee's status as the bankruptcy estate's representative. ECF No. 50 at 2.  He asserts that he "does not contend that the Trustee . . . cannot appear." *Id.* at 3.  Rather, he asserts that the trustee is "improperly" attempting to litigate property ownership issues in this court despite the bankruptcy court having "primary jurisdiction to decide disputes concerning property of the estate." *Id.* (emphasis omitted).  But Thurmond sought to withdraw the reference from the bankruptcy court to this court.  The trustee is an interested party in addressing that question.  I therefore deny Thurmond's motion to strike on this basis.

Finally, Thurmond objects to the caption the trustee used on his filings.  But Thurmond is seeking to withdraw the reference from his bankruptcy proceeding.  Thus, captioning the case *In re Edwan Shando Thurmond* is correct.[4]  Consequently, I deny his motion to strike on this basis.

**IV.  I deny Thurmond's motion to withdraw the reference (ECF No. 17).**

Thurmond asserts that good cause exists to withdraw the reference because the "subject matter involves trust property and equitable ownership." ECF No. 17 at 1 (asserting I should withdraw the reference because the case involves "equitable title, trust ownership, and lawful tender," and those are "matter reserved for Article III judicial power").  The trustee responds that Thurmond's motion to withdraw the reference is untimely, procedurally defective, and there is no cause to support withdrawing the reference for the entire bankruptcy case.  Thurmond does not specifically reply to the procedural and timeliness issues.  In a series of filings, he provides

---

[4] Thurmond filed an unauthorized supplement to his motion to strike. ECF No. 37.  I have reviewed the supplement, and it does not alter my decision.

updates on the bankruptcy case to indicate that the bankruptcy court has ordered the trustee to file an adversary proceeding to address Thurmond and the trustee's dispute whether certain assets are property of the bankruptcy estate. ECF Nos. 48; 51; 53-54.

**A. Thurmond's motion to withdraw the reference is procedurally defective and untimely.**

Under Local Rule 5011(a), a "request for withdrawal of the reference in whole or in part of a matter referred to the bankruptcy judge, other than a request by the bankruptcy court on its own or the automatic withdrawal as provided in a jury case by LR 9015(e) must be by motion and filed timely with the clerk of the bankruptcy court. All such motions must conspicuously state that 'RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE.'" Local Rule 5011(b) provides that a "motion to withdraw the reference of a bankruptcy case in whole or in part must be served and filed at or before the time first scheduled for the meeting of creditors held under 11 U.S.C. § 341(a)." "A motion to withdraw the reference of an adversary proceeding . . . must be served and filed on or before the date on which the party enters its first appearance in the case." LR 5011(b). "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) (quotation omitted).

A review of the bankruptcy court's docket shows that Thurmond did not comply with Local Rule 5011(a). Thurmond did not file a motion to withdraw the reference in the bankruptcy court. Instead, he filed a "Notice of Filing of Verified Notice of Removal." *In re Thurmond*, No. 25-10663-abl, ECF No. 170 (D. Nev. Bankr. June 18, 2025). Even if this could be construed as a motion to withdraw the reference, it did not state "RELIEF IS SOUGHT FROM A UNITED

8

STATES DISTRICT JUDGE." *Id.*  Thurmond's motion to withdraw the reference for his entire bankruptcy case is thus procedurally defective.

His motion to withdraw was also untimely because he did not file it before the first meeting of creditors.  Thurmond filed the motion to withdraw the reference on June 18, 2025.  The first meeting of creditors for Thurmond's case was held three months before that, on March 12, 2025. ECF No. 31-9 at 3; *In re Thurmond*, No. 25-10663-abl, ECF No. 48 (D. Nev. Bankr. March 13, 2025).  Even if I considered the continued meeting of creditors on March 20, 2025, Thurmond's motion to withdraw the reference would still be untimely. *In re Thurmond*, No. 25-10663-abl, ECF No. 59 (D. Nev. Bankr. Mar. 20, 2025).  And he filed his motion only after the bankruptcy court denied his motion to dismiss his bankruptcy case. *In re Thurmond*, No. 25-10663-abl, ECF No. 140 (D. Nev. Bankr. May 6, 2025).  Regardless of the Local Rule, waiting until after receiving an unfavorable ruling is not timely.

**B.  Thurmond has not shown cause to withdraw the reference for the entire bankruptcy case.**

Federal district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  A district court may automatically refer all bankruptcy cases filed in that district to the bankruptcy court within that district. 28 U.S.C. § 157(a).  I "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] on [my] own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  In determining whether cause exists to withdraw the reference, I consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (quotation omitted).

The efficient use of judicial resources and uniformity of bankruptcy administration do not support withdrawing the reference for the entire bankruptcy case. The bankruptcy court has "unique knowledge of Title 11" and familiarity with this case. *In re Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007). The delay and costs to the parties also supports the bankruptcy court administering the case in the usual course of those types of proceedings in this district. Preventing forum shopping also supports not withdrawing the reference. Thurmond sought to withdraw the reference only after receiving an unfavorable ruling from the bankruptcy court, and he has not shown cause to withdraw the reference for his entire bankruptcy case, so I deny his motion.

After Thurmond moved to withdraw the reference, the bankruptcy court denied the trustee's motion to liquidate assets of Thurmond's wholly owned limited liability company without prejudice to the trustee filing an adversary action, which the trustee has done. *In re Thurmond*, No. 25-10663-abl, ECF No. 223 (D. Nev. Bankr. Nov. 25, 2025); *Fox v. Thurmond, et al.*, 25-01268-abl, ECF No. 1 (D. Nev. Bankr. Dec. 4, 2025). I express no opinion on whether the reference should be withdrawn for this adversary case or whether the bankruptcy court must issue a report and recommendation. *See* 28 U.S.C. § 157(c)(1). Thurmond has not moved to withdraw the reference for that adversary proceeding and indeed has indicated in multiple filings that he believes the bankruptcy court is the proper forum for that dispute. *See* ECF Nos. 49; 50.[5]

/ / / /

/ / / /

/ / / /

---

[5] Mandatory withdrawal is not required because the trustee's adversary complaint contains only state law claims and bankruptcy claims. *Fox v. Thurmond, et al.*, No. 25-01268-abl, ECF No. 1 (D. Nev. Bankr. Dec. 4, 2025); *see also Security Farms*, 124 F.3d at 1008 & n.4.

## V.  Conclusion

I THEREFORE ORDER that Edwan Thurmond's motions to withdraw the reference **(ECF Nos. 16, 18) are DENIED as moot**.

I FURTHER ORDER that Edwan Thurmond's motion to correct the record **(ECF No. 22) is GRANTED in part**.

I FURTHER ORDER that Edwan Thurmond's motion to withdraw the reference **(ECF No. 17) is DENIED**.

I FURTHER ORDER that Edwan Thurmond's objection **(ECF No. 23) is DENIED**.

I FURTHER ORDER that Edwan Thurmond's motion to strike **(ECF No. 34) is DENIED**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 8th day of April, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE